IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| ZIAD AKL, | * |
| Plaintiff, | * |
| vs. | * Civil Action No. 8:07-CV-1025 |
| KAREN-FAYE MCTAVISH, | * |
| Defendant. | * |

## MEMORANDUM OPINION

Plaintiff Ziad Akl ("Plaintiff"), acting *pro se*, brings this action for damages and injunctive relief against Defendant Karen-Faye McTavish ("Defendant"). Currently pending before this Court are Defendant's Motion to Dismiss and for Injunction or, in the Alternative, Motion to Transfer (Doc. No. 6), Plaintiff's Motion to Remand to State Court and Award of Costs (Doc. No. 7), and Plaintiff's Motion for Leave to Submit Surreply to Defendant's Motion to Dismiss and for Injunction or, in the Alternative, Motion to Transfer (Doc. No. 13). The Court has reviewed the entire record, and the pleadings with respect to the instant motions. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons set forth below, the Court will GRANT Defendant's Motion to Dismiss, DENY Plaintiff's Motion to Remand to State Court, and DENY as moot Plaintiff's Motion for Leave to Submit Surreply to Defendant's Motion.

## FACTUAL & PROCEDURAL BACKGROUND

The following facts are taken in the light most favorable to the non-movant. Plaintiff brings this suit against Defendant alleging that the revocation of his medical staff privileges at Virginia Hospital Center – Arlington Health System ("the Hospital") was the culmination of a conspiracy

1

orchestrated by the Hospital employees and physicians, involving falsified documents, fictitious meetings, and perjured testimonies.

Plaintiff is a physician specializing in internal medicine and infectious disease. In 2000, Plaintiff obtained medical staff privileges to practice at the Hospital. In March 2003, two nurses at the hospital complained to the Human Resources Department that Plaintiff harassed them. In response to these claims, Plaintiff addressed the Hospital's Citizenship Committee, alleging that he in fact was the party being harassed. During this time, a review process was conducted in accordance with the Hospital's Medical Credentials Policy. Plaintiff retained counsel and was involved in review proceedings where he received recommendations for ameliorating the situation including, but not limited to, abstaining from contact with his accusers. Plaintiff was warned that his privileges could be suspended if he refused to accept the recommendations. On December 15, 2003, Plaintiff's attorney contacted the two nurses by letter and on December 19, 2003, Plaintiff's medical privileges at the Hospital were suspended. The Hospital's Board of Directors approved the recommendation to revoke Plaintiff's medical privileges.

Plaintiff subsequently brought seven lawsuits in the Virginia State and Federal courts[1] alleging conspiracies among various parties to revoke Plaintiff's medical staff privileges at the Hospital. In total, prior to Plaintiff filing suit in this Court, Defendant served as one of the attorneys representing Plaintiff's opposition in the lawsuits brought by Plaintiff in the Arlington County Circuit Court before the Honorable Judge Swersky between November 2004 and October 2006, concerning the revocation of Plaintiff's medical privileges. Defendant also served as opposing

---

[1] Plaintiff brought four claims in Virginia state court and three in the United States District Court for the Eastern District of Virginia. All of the claims filed in his previous lawsuits have been dismissed by the courts. Plaintiff also appealed the dismissal of his first lawsuit brought in the Eastern District of Virginia to the Fourth Circuit, which affirmed the dismissal.

counsel in the lawsuits filed by Plaintiff in the United States District Court for the Eastern District of Virginia based on the same subject matter.  All seven claims have been dismissed.

Following Judge Swersky's dismissal of Plaintiff's fourth state court claim, Plaintiff filed a motion to recuse Judge Swersky, arguing that Judge Swersky participated in a conspiracy to effect the rulings against Plaintiff in his Arlington County cases.  Plaintiff was subsequently barred from filing further claims concerning the revocation of his privilege to practice medicine at the Hospital in the Arlington County Circuit Court.  Once barred from bringing suit in the Arlington County Circuit Court, Plaintiff brought his second suit in the Eastern District of Virginia, alleging that Judge Swersky, his law clerk, and Defendant conspired together to effect the rulings against Plaintiff in his Arlington County cases.  On November 17, 2006, the Eastern District of Virginia dismissed the case. Plaintiff appealed the dismissal to the Fourth Circuit which affirmed the district court's ruling. *See Akl v. Swersky*, No. 07-1017 (4th Cir. 2007).

Plaintiff brought this suit – his eight lawsuit in connection with the revocation of his medical staff privileges at the Hospital which allegedly led to a conspiracy at the state court level to dismiss his claims – in the Circuit Court for Montgomery County, Maryland.  The case removed to this court on April 23, 2007, on the basis of federal question jurisdiction.   Specifically, Plaintiff brings this suit against Defendant for the following causes of action: (1) denial of Fourteenth Amendment due process in violation of 42 U.S.C. § 1983 (2000) (Count I); (2) deprivation of the equal protection of the laws in violation of the Fourteenth Amendment (Count II); (3) that Defendant aided and abetted the Honorable Judge Swersky, who is not a party to this case, in committing fraud (Count III); (4) tortuous interference with Plaintiff's future economic relationships with hospitals nationwide (Count IV); and (5) intentional infliction of emotional distress (Count V).

Defendant moved to dismiss Plaintiff's Complaint (Doc. No. 6) pursuant to Fed. Rule Civ. Pro. 12(b)(6). Plaintiff filed a response to Defendant's motion to dismiss and also filed a Motion to Remand to State Court (Doc. No. 7) and a Motion to Submit Surreply to Defendant's Motion to Dismiss (Doc. No. 13).

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim is appropriate under Rule 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), this Court must view the well-pleaded material allegations in the light most favorable to the plaintiff and accept the factual allegations contained within the plaintiff's complaint as true. *See Chisolm v. TranSouth Finan. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Nor is the Court "bound to accept [Plaintiff's] conclusory allegations regarding the legal effect of the facts alleged." *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1994). Thus, a complaint may be dismissed as a matter of law if it lacks a cognizable legal theory *or* if it alleges insufficient facts to support a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. 1982)).

## DISCUSSION

**Defendant's Motion to Dismiss**

  I. *Count I: Violation of Right to Due Process and Count II: Deprivation of the Equal*

*Protection of the Laws*

In Count I of Plaintiff's Complaint, Plaintiff contends that the Honorable Judge Swersky of the Arlington County Circuit Court and his clerk conspired with Defendant to effect the ruling against Plaintiff in his Arlington County cases. Plaintiff thereby argues that the alleged conspiracy was denied him of his right to due process. Plaintiff states that Judge Swersky, "[u]nder color of state law, . . . fail[ed] to stand at equal distance from the parties . . . by entering with Counsel into an extra-judicial agreement to rule in favor of their clients." (Compl. ¶ 13.). Plaintiff restates this same contention in Count II, arguing that he was deprived of equal protection of the laws.

Defendant argues that Plaintiff's due process and equal protection claims are essentially conclusory allegations challenging the Virginia state court's decision, and argues that Plaintiff cannot seek out review of the Virginia state court's decisions in this federal Court pursuant to the *Rooker-Feldman* doctrine.[2] The doctrine holds that lower United States federal courts have no subject matter jurisdiction to sit in direct review of state court decisions unless Congress has enacted legislation that specifically authorized such relief. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005) (affirming that the Rooker-Feldman doctrine applies in cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

In an Order issued on December 22, 2006, the Honorable Judge Leonie M. Brinkema denied Plaintiff's Motion for Reconsideration of Judge Brinkema's previous ruling in which he granted

---

[2] The Rooker-Feldman doctrine is a rule of civil procedure enunciated by the United States Supreme Court in two cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Defendant McTavish's Motion to Dismiss. Judge Brinkema also dismissed Plaintiff's equal protection claim – which is also Count II in the Complaint before the Court – based on the Rooker-Felman doctrine. Judge Brinkema stated, "[Plaintiff's] due process and equal protection claims are essentially a repackaging of arguments he presented to the state court and lost."[3] Defendant argues, and this Court agrees, that Plaintiff's claims should be dismissed based on the Rooker-Feldman doctrine, and Plaintiff's proper avenue of appeal of the Virginia state circuit court decisions is within the state court system of Virginia.

This Court, like the District Court for the Eastern District of Virginia, does not believe that Plaintiff's has articulated an independent right, nor has Plaintiff demonstrated that her claims constitute an independent claim sufficient to support a new and separate cause of action from those previously adjudicated in the state court of Virginia. Plaintiff has exercised his right to appeal the decisions of the Virginia state circuit court to the Virginia Supreme Court and was denied relief. Plaintiff cannot seek to have this Court invalidate the Virginia state court's decisions simply because he was dissatisfied with the outcome. Accordingly, the Court will dismiss Counts I and II, with prejudice.

II. *Count III - Aiding and Abetting Fraud*

In this Count, Plaintiff claims that Defendant knew that Judge Swersky intended to defraud Plaintiff and assisted Judge Swersky in defrauding Plaintiff. Plaintiff further contends that Defendant knew or should have known that by aiding in this fraud she would subject Plainitff to distress "beyond what a reasonable person could possibly endure." Defendant correctly asserts that this claim is barred by res judicata. In his second suit brought in the Eastern District of Virginia,

---

[3] *See* Defendant's Motion to Dismiss and for Injunction or, in the Alternative, Motion to Transfer (Doc. No. 6), Exhibit B at 10 – Memorandum Opinion issued by the Honorable Leonie M. Brinkema, United States District Court Judge for the Eastern District of Virginia.

Plaintiff claimed that Defendant conspired with Judge Swersky and his clerk to secure a judgment in favor of her clients in the state court proceedings. This claim was dismissed, as to Defendamt, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief could be granted.

A prior judgment has a claim preclusive effect on future litigation when: (1) the prior judgment was final and on the merits; (2) the parties are identical; and (3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding. *First Union Commer. Corp. v. Nelson, Mullins, Riley & Scarborough*, 81 F.3d 1310, 1315 (4th Cir. 1996). There is no dispute that the second element of the test is met. Plaintiff twice previously brought suit against Defendant in the Eastern District of Virginia, and thus, the parties are identical. Therefore, the Court will briefly discuss the first and third elements.

*a. Prior Final Judgment on the Merits*

Plaintiff's second claim in the Eastern District of Virginia, where Defendant was named a co-defendant, was dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff contends that dismissal pursuant to Rule 12(b)(6) for failure to state claim does not count as a final judgment for the purpose of res judicata. Plaintiff's contention is inaccurate. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (stating that "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'"). The Eastern District of Virginia's dismissal pursuant to Rule 12(b)(6) was a final judgment on the merits, and, thus, the first element is satisfied.

*b. Claims Based Upon the Same Cause of Action*

Although Plaintiff's aiding and abetting claim does not exactly mirror his conspiracy claim, the Court believes that it arises out of the same transaction or series of transactions as the claims resolved in the Eastern District case and thus, can be precluded. *See* Restatement (Second) of

Judgments § 24(2) (1982). In evaluating whether this element is shown, Defendant cites to authority stating that "the appropriate inquiry is whether the new claims arise out of the same transaction or series of transactions as the claim resolved in the prior judgment." *Keith v. Aldridge*, 900 F.2d 736, 740 (4th Cir. 1990). Where the "same series of connected transactions" is involved and "the same 'operative facts' are at issue," the third res judicata factor is satisfied. *Id.* *See also Pueschel v. U.S.*, 369 F.3d 345 (4th Cir. 2004) (finding that res judicata does not require identical claims but asks whether claims arise out of the same transaction and have the same operative facts in order to avoid allowing claims to proceed where the Plaintiff artfully pleads a different claim). Here, Defendant asserts that Plaintiff's claims are based on the same allegations and operative facts on which he based his second claim in the Eastern District of Virginia. The Court agrees with Defendant's assertions.

By precluding parties in a subsequent proceeding from raising claims raised in prior proceeding, "res judicata . . . encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." *Brown v. Felsen*, 442 U.S. 127 (1979). As previously noted, this Court will not second guess the Eastern District of Virginia. Accordingly, the Court will dismiss Plaintiff's aiding and abetting claim with prejudice.

    III.   *Count IV: Tortious Interference with Economic Relationships*

Plaintiff alleges that Defendant interfered with his future ability to secure employment contracts and contracts with health insurance carriers in the medical community by writing a defamatory report to the National Practitioner Data Bank (the "Report") about Plaintiff. Plaintiff's claim is wholly conclusory and contains no facts in support of his conclusory allegations. The only

fact alleged is that Defendant submitted the Report.[4] However, Defendant's Exhibit F in the Motion to Dismiss clearly indicates that the Report was submitted by the Hospital and not Defendant. Further, pursuant to 42 U.S.C. § 11137(c), any reports filed with the National Practitioner Data Bank are federally mandated reports subject to a qualified privilege. In order to overcome that privilege, one must show that the reporter had "knowledge of the falsity" of the report.[5] Even if Defendant had submitted the Report, which the record indicates that she did not, Plaintiff's complaint is devoid of any factual allegation that Defendant had "knowledge of the falsity" of any information contained in the Report. Plaintiff has not overcome this qualified privilege.

Moreover, Plaintiff has already brought his tortious interference claim against Defendant in the Eastern District of Virginia based on these same allegations he now raises in support of his claim before this Court. Those claims were dismissed in that court, as the court stated:

> Plaintiff had the opportunity to litigate the issues and facts surrounding the . . . tortious interference claims before the state court. Plaintiff did in fact vigorously pursue [the claim] before the state court, but that court found them lacking as a matter of law and dismissed them. Plaintiff may not breath[e] new life into claims that were previously settled by trying to bring them in a different court with different parties.[6]

The Court agrees with the Eastern District of Virginia and will, accordingly, dismiss Plaintiff's claim of tortuous interference for failure to state a claim upon which relief can be granted, with

---

[4] Where Plaintiff referenced the report in his complaint, the report is properly considered a part of the pleadings. *See Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995), *aff'd*, 103 F.3d 351 (4th Cir. 1996), ("When a plaintiff fails to introduce a pertinent document as part of his complaint the defendant may attach the document to a motion to dismiss the complaint and the court may consider the same without converting the motion to one for summary judgment.").

[5] "No person or entity . . . shall be held liable in any civil action with respect to any report made under this part [42 USCS §§ 11131 et seq.] . . . without knowledge of the falsity of the information contained in the report." 42 USCS § 11137(c).

[6] *See* Defendant's Motion to Dismiss and for Injunction or, in the Alternative, Motion to Transfer (Doc. No. 6), Exhibit D at 6-7 – June 7, 2006 Order issued by the Honorable Clause M. Hilton, United States District Court Judge for the Eastern District of Virginia.

prejudice.

### IV. Count V: Intentional Infliction of Emotional Distress

In Count V, Plaintiff contends that Defendant intentionally inflicted emotional distress. This claim was dismissed, as to Defendant, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief could be granted. Plaintiff's intentional infliction of emotional distress claim is identical to the claim brought in Plaintiff's second claim before the Eastern District of Virginia. Plaintiff may not simply re-file his previously dismissed claim in this jurisdiction. Accordingly, the Court will dismiss Count V, with prejudice.

**Plaintiff's Motion to Remand to State Court and Plaintiff's Motion for Leave to File Surreply**

In light of the Court's ruling on Defendant's Motion to Dismiss, the Court will deny Plaintiff's Motion to Remand to State Court, as this Court has dismissed all five of Plaintiff's claims, with prejudice. In addition, the Court will deny Plaintiff's Motion for Leave to Submit Surreply to Defendant's Motion to Dismiss as moot.

### CONCLUSION

For the reasons stated above, the Court will GRANT Defendant's Motion to Dismiss with prejudice (Doc. No. 6), DENY Plaintiff's Motion to Remand to State Court and Award of Costs (Doc. No.7), and DENY as moot Plaintiff's Motion for Leave to Submit Surreply to Defendant's Motion to Dismiss (Doc. No. 13). An Order consistent with this Memorandum Opinion will follow.

Date:   December 21, 2007                                  /s/
                                                    Alexander Williams, Jr.
                                                    United States District Court Judge